# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:12-cv-00475-MR
# [CRIMINAL CASE NO. 3:09-cr-00084-MR-1]

| | |
|---|---|
| DAMIEN MAURICE CABBLE, ) </br> ) </br> Petitioner, ) </br> ) </br> vs. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> _____ ) | **MEMORANDUM OF** </br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's "Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255(f)(2) or § 2255(f)(4)." [Doc. 1].

## I. BACKGROUND

On April 22, 2009, the Petitioner was charged in a Bill of Indictment with one count of conspiracy to distribute and possess with intent to distribute of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count One); three counts of distribution of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Counts Two, Four, and Ten); one count of possession with intent to distribute of a mixture

and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count Three); one count of possession of one or more firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Five); one count of possession of one or more firearms in furtherance of one or more drug trafficking crimes, in violation of 18 U.S.C. § 924(c) (Count Six); one count of conspiracy to distribute and possess with intent to distribute at least five grams of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. § 846 and 841(b)(1)(B) (Count Seven); one count of conspiracy to manufacture at least five grams of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Eight); one count of distribution of at least five grams of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Nine); and one count of distribution of at least 50 grams of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count Eleven).[1]  [Criminal Case No. 3:09-cr-00084-MR ("CR"), Doc. 8: Indictment].

---

[1] The Petitioner was charged along with a co-defendant in Counts Seven, Eight, and Nine.

On July 29, 2009, the Petitioner entered into a written plea agreement with the Government, whereby the Petitioner agreed to plead guilty to Counts Six and Eleven in exchange for the Government agreeing to dismiss the remaining counts in the Bill of Indictment. [CR Doc. 25 at 1]. In the agreement, the Petitioner acknowledged that if the Probation Office determined from the Petitioner's criminal history that the career offender provision or armed career criminal provision of the U.S. Sentencing Guidelines should apply, such provision may be used in determining his sentence. [Id. at 3]. Further, in exchange for the concessions made by the Government in the plea agreement, the Petitioner agreed to waive all rights to appeal or collaterally attack his conviction and sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at 6].

On August 6, 2009, the Petitioner appeared before the Honorable David S. Cayer, United States Magistrate Judge, for a Rule 11 hearing. The Petitioner was placed under oath and confirmed that his mind was clear and that he wished to plead guilty to Counts Six and Eleven as set forth in the Bill of Indictment; that he was in fact guilty of the Counts to which he was pleading guilty; that he understood the terms of the plea agreement; that he understood that he was expressly waiving the right to appeal his conviction and sentence or to attack the same in a post-conviction proceeding; that he

was not threatened, intimidated or forced into pleading guilty; that no one had made any promises of leniency or a light sentence in order to induce him to plead guilty; that he had an ample opportunity to discuss the case with his attorney; and that he was entirely satisfied with the services of his attorney. [CR Doc. 29: Entry and Acceptance of Guilty Plea at 1-4]. The Court further questioned counsel, who confirmed that he had reviewed the plea agreement with the Petitioner and was satisfied that he understood the terms thereof. [Id. at 5]. Based upon the representations and answers given by the Petitioner and his counsel, the Court found that the Petitioner's guilty plea was knowingly and voluntarily made and the Court therefore accepted his guilty plea. [Id.].

Prior to the Petitioner's sentencing, the United States Probation Office prepared a Presentence Report (PSR). In calculating the Petitioner's total offense level, the probation officer recommended that the Petitioner be designated as a career offender pursuant to U.S.S.G. § 4B1.1. As a result, the Petitioner's base offense level rose from 30 to 37 [CR Doc. 38: PSR at ¶¶ 22, 28], and his criminal history category increased from a category III to a category VI [Id. at ¶ 45]. With a three-level reduction for acceptance of responsibility, the probation officer recommended a total offense level of 34. [Id. at ¶ 30]. Adding the mandatory minimum consecutive penalty required

by 18 U.S.C. § 924(c) for Count Six[2] to the minimum and maximum of the otherwise applicable Guideline range determined for Count Eleven, the probation officer calculated an advisory Guideline range of 322-387 months' imprisonment. [Id. at ¶¶ 32, 78].

The Court conducted the Petitioner's sentencing hearing on June 7, 2010. The Government moved for a downward departure pursuant U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), recommending that the advisory Guideline range be reduced to 188-235 months plus a 60 months' consecutive sentence for the § 924(c) count. [Doc. 42]. The Court granted the Government's motion and sentenced the Petitioner to a term of 188 months' imprisonment on Count Eleven to run consecutively with a term of 60 months' imprisonment on Count Six, for a total term of 248 months. [CR Doc. 43: Judgment].[3]

---

[2] The statutory term of imprisonment for Count Six was a mandatory consecutive sentence of not less than five years. 18 U.S.C. § 924(c)(1). The statutory term of imprisonment for Count Eleven was not less than twenty years and not more than life. 21 U.S.C. §§ 841(b)(1)(A) and 851.

[3] In 2013, the Government moved to reduce the Petitioner's sentence further pursuant to Rule 35 of the Federal Rules of Criminal Procedure. [CR Doc. 75: Sealed Motion]. The Court granted the Government's motion, and the Petitioner's sentence was reduced to a total term of 165 months' imprisonment. [CR Doc. 81: Amended Judgment].

The Petitioner did not file a direct appeal. Instead, on July 30, 2012, he filed the present motion pursuant to 28 U.S.C. § 2255. [Doc. 1].[4] In his motion, the Petitioner argues that, pursuant to the Fourth Circuit's decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc), his prior North Carolina convictions were not felony offenses and therefore he no longer qualifies as a career offender pursuant to U.S.S.G. § 4B1.1. [<u>Id.</u>].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Having considered the record in this matter, the Court finds it is clear that Petitioner is not entitled to relief, and therefore, no response is necessary from the Government and no evidentiary hearing is required. <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

---

[4] On November 6, 2012, the Federal Defenders of Western North Carolina filed a notice in the Petitioner's case, advising that they intended to conduct a review of his case in order to determine the Petitioner's eligibility for relief under <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc). [Doc. 3]. The Federal Defenders never filed anything further in the case. Later, attorneys Carl Horn and Patrice Lewis filed notices of appearance in the case, advising that they intended to file an amended motion on the Petitioner's behalf before December 21, 2012. [Docs. 4, 5]. No amended petition, however, was ever filed, and on January 27, 2014, counsel withdrew from the case. [Doc. 10].

## III. DISCUSSION

### A. Petitioner's Motion is Barred by the Appellate Waiver

The Court first considers whether the Petitioner's motion to vacate is barred by the appellate waiver set forth in his plea agreement.

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 354 (4th Cir. 2012) (citation omitted). While the validity of an appeal waiver generally depends on the adequacy of the plea colloquy, "the issue ultimately is evaluated by reference to the totality of the circumstances." United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S.Ct. 126 (2013) (quoting United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005)). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012)).

In the present case, the record establishes that the Petitioner knowingly and intelligently waived his right to appeal. During the Rule 11 hearing, the Petitioner confirmed that he understood the terms of the plea agreement and that he understood that he was expressly waiving the right

to appeal his conviction and sentence or to attack the same in a post-conviction proceeding. Accordingly, the Court finds that the Petitioner's appellate waiver was knowing and voluntary.

Having determined that the Petitioner's appellate waiver is valid, the Court now turns to the issue of whether the claim asserted by the Petitioner falls within the scope of that waiver. Here, the Petitioner asserts that under the Simmons decision, his prior convictions do not qualify as felony offenses and therefore he was erroneously designated as a career offender. Like the petitioner in Copeland, Petitioner's Simmons claim "amount[s] to a Guidelines challenge," a claim that he explicitly waived by limiting his right to appeal only to claims of ineffective assistance of counsel or prosecutorial misconduct. See Copeland, 707 F.3d at 529. Accordingly, the Court concludes that the Petitioner's present claim falls within the scope of his valid appellate waiver, and his motion therefore must be dismissed.

### B. Petitioner's § 2255 Motion is Untimely

Even if the Petitioner's claim were not barred by the appellate waiver in his plea agreement, the Court concludes that his motion would still be subject to dismissal on the grounds of untimeliness.[5]

---

[5] In Hill v. Braxton, the Fourth Circuit held that "when a federal habeas court, prior to trial, perceives a *pro-se* [petition or motion to vacate] to be untimely and the [respondent] has

8

A motion to vacate pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitation, which runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was presented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the present case, the Petitioner's judgment became final on July 8, 2010, when his time for filing a direct appeal expired. He therefore had until July 8, 2011 to file a motion pursuant to § 2255. The Petitioner's motion to

---

not filed a motion to dismiss based upon the one-year limitations period, the court must warn the petitioner that the case is subject to dismissal ... [a]bsent a sufficient explanation." 277 F.3d 701, 706 (4th Cir. 2002). Here, the Petitioner clearly was aware of his obligation to establish the timeliness of his motion and has attempted to do so. [See Doc. 1 at 5-9]. As such, the Court finds that no further notice or opportunity for a response is required for the Petitioner.

vacate, however, was not filed until July 30, 2012, more than two years after his judgment became final. His motion therefore is untimely under § 2255(f)(1).

The Petitioner contends that his motion is nevertheless timely pursuant to § 2255(f)(4), which gives a petitioner one year to file from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Specifically, the Petitioner argues that the facts supporting his claim would not have been discovered through the exercise of due diligence before the Simmons decision become final. [Doc. 1 at 7]. He further contends that if he had filed his claim prior to the Simmons decision, it "would have been summarily rejected." [Id. at 6].

The Petitioner's argument is without merit. As the Fourth Circuit recently explained, "A conviction is a fact for sentencing purposes, but a relevant legal rule is not. Simmons, unlike a predicate conviction, is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved." Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) (en banc), pet. for cert. filed Mar. 20, 2015. Because the Simmons decision "represented a change of law, not fact," id., the Petitioner's motion cannot be considered timely under § 2255(f)(4).

In the caption of his motion, the Petitioner references § 2255(f)(2); however, he does not address the applicability of this provision in the body of his motion. In any event, § 2255(f)(2) is wholly inapplicable here, as the Petitioner has not identified any impediment created by the Government which prevented him from making his motion in a timely fashion. Accordingly, the Court concludes that the Petitioner's motion cannot be considered timely under § 2255(f)(2).[6]

The Petitioner argues alternatively that the statute of limitations should be equitably tolled, because he was prevented from timely filing his motion due to the unfavorable Fourth Circuit precedent that would have governed his claim had he raised it prior to the Simmons decision. [Doc. 1 at 7-8]. Equitable tolling, however, does not apply where "the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." Whiteside, 775 F.3d at 186. Accordingly, the Petitioner's claim for equitable tolling fails.

For the foregoing reasons, the Court concludes that the Petitioner's motion to vacate is also subject to dismissal on the grounds of untimeliness.

---

[6] The Petitioner does not contend that his motion to vacate is timely under § 2255(f)(3), and therefore, the Court need not address the applicability of this provision.

## C. Petitioner's Motion Fails to Present a Cognizable Claim

Even if the Court could reach the merits of the Petitioner's motion, it would still be subject to dismissal because it does not present a cognizable claim.

Section 2255 provides, in pertinent part, that a prisoner may be entitled to relief on the grounds that the "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). As the Supreme Court has recognized, a petitioner is only entitled to relief under 28 U.S.C. § 2255 on the basis of a nonconstitutional error if the case presents an error of law that constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." Stone v. Powell, 425 U.S. 465, 477 n.10 (1976); see also Hill v. United States, 368 U.S. 424, 428 (1962).

Here, the Petitioner's alleged error did not stem from a constitutional error or result in an unlawful sentence in excess of the maximum authorized by law. Instead, the Petitioner's entire claim relates to the Court's application of the career offender enhancement. In order to obtain relief for such a claim under § 2255, the Petitioner must show that the alleged sentencing error resulted in a complete miscarriage of justice. The Petitioner was not subject to a mandatory minimum sentence but instead was sentenced pursuant to

an advisory guidelines range. The resulting sentence was within the statutory maximum of life. See United States v. Pregent, 190 F.3d 270, 284 (4th Cir. 1999) ("Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'"). Thus, while the career offender designation may have affected the ultimate sentence imposed, it did not ultimately affect the lawfulness of the Petitioner's sentence. See United States v. Foote, __ F.3d __, 2015 WL 1883538, at *9-*10 (4th Cir. Apr. 27, 2015) (holding that petitioner's erroneous career offender designation was "not a fundamental defect" resulting in "a complete miscarriage of justice"); Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (holding that misapplication of the Guidelines cannot support § 2255 claim); cf. United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) (holding, when the Sentencing Guidelines were mandatory, that misapplication of Sentencing Guidelines is not cognizable under § 2255, because "a misapplication of the guidelines typically does not constitute a miscarriage of justice").

Accordingly, for these reasons, the Court concludes that the Petitioner has failed to state a cognizable claim under § 2255.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief. The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255(f)(2) or § 2255(f)(4)" [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge